IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent/Plaintiff, | ) | |
| vs. | ) | No. 3:02-CR-0235-H(01) |
| | ) | No. 3:04-CV-1800-H |
| DEBBIE RAY DORSETT, | ) | |
| ID # 29489-177, | ) | |
| Movant/Defendant. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I.  BACKGROUND

### A.  Nature of the Case

Movant, an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America.

### B.  Procedural History

On April 17, 2003, the Court sentenced movant to 168 months imprisonment on her plea of guilty to conspiracy to manufacture and possess with intent to distribute methamphetamine. Movant did not appeal her conviction or sentence.

On August 17, 2004, the Court received the instant motion to vacate. Movant asserts that, under *Blakely v. Washington*, 542 U.S. 296 (2004), the Court improperly sentenced her by utilizing factors not submitted to the jury for determination. On February 15, 2005, the Court received a

supplement to the instant motion to vacate wherein movant relies upon *United States v. Booker*, ___

U.S. ___, 125 S. Ct. 738 (2005) to support her claim.

## II.  STATUTE OF LIMITATIONS

Paragraph 6 of "28 U.S.C. § 2255 establishes a '1-year period of limitation' within which a

federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section."

*Dodd v. United States*, 125 S. Ct. 2478, 2480 (2005).  That paragraph provides:

> A 1-year period of limitation shall apply to a motion under this section.  The
> limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the United States is
> removed, if the movant was prevented from making a motion by such governmental
> action;
>
> (3) the date on which the right asserted was initially recognized by the
> Supreme Court, if that right has been newly recognized by the Supreme Court and
> made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented
> could have been discovered through the exercise of due diligence.

Although "[i]n most cases, the operative date from which the limitation period is measured will be

the one identified in ¶ 6(1) . . . later filings are permitted where subparagraphs (2)-(4) apply." *Dodd*,

125 S. Ct. at 2481.

Because movant's motion is predicated on the Supreme Court's holdings in *Blakely* and

*Booker*, the Court construes her claim as inviting consideration under ¶ 6(3).  However, the

requirements of ¶ 6(3) have not been satisfied so as to commence the limitations period from the

date the Supreme Court decided *Blakely* or *Booker*.  The commencement date provided for in ¶ 6(3)

"does not apply at all if the conditions in the second clause – the right 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review' – have not been satisfied." *Id.* at 2482.  In this instance, neither the Supreme Court nor the Fifth Circuit has made *Blakely* or *Booker* retroactively applicable to cases on collateral review.  *See United States v. Garcia*, Nos. 3:03-CR-0268-L(01), 3:05-CV-0493-L, 2005 WL 1489926, at *2 (N.D. Tex. June 22, 2005).  In the absence of a pronouncement by the Supreme Court or the Fifth Circuit that *Blakely* or *Booker* applies retroactively to cases on collateral review, ¶ 6(3) does not apply to delay the commencement of the limitations period in this case.  It is therefore premature to rely on ¶ 6(3) to calculate the limitations period from the date the Supreme Court decided *Blakely* or *Booker*.[1]

With respect to the other subsections of ¶ 6, movant has alleged no government-created impediment under ¶ 6(2) that prevented her from filing her federal petition.  Thus, for purposes of this action, the statute of limitations runs from the date movant's conviction became final pursuant to ¶ 6(1), or from the date on which she knew or should have known with the exercise of due diligence the facts supporting her claims pursuant to ¶ 6(4).

With regard to ¶ 6(1), movant's conviction became final in April 2003, when the ten days for filing an appeal from the judgment elapsed.  *See* Fed. R. App. P. 4(b)(1)(A)(i).  With regard to ¶ 6(4), the Court determines that the facts supporting the *Blakely* and *Booker* claim raised in the instant motion became known or could have become known through the exercise of due diligence

---

[1] The Court recognizes that the Supreme Court held in *Dodd* that when ¶ 6(3) applies, the limitations period commences on *the date the Supreme Court recognized the new right*, not the date the right was made retroactively applicable.  125 S. Ct. at 2483 (emphasis added).  Although this presents a potentially harsh result when the right is made retroactively applicable more than a year after the Supreme Court first recognizes the new right, the Supreme Court recognized such potential harshness and indicated that it is "not free to rewrite the statute that Congress has enacted." *Id.*  It stated: "The disposition required by the text here, though strict, is not absurd.  It is for Congress, not this Court, to amend the statute if it believes that the interplay of ¶¶ 8(2) and 6(3) of § 2255 unduly restricts federal prisoners' ability to file second or successive motions." *Id.*

prior to the date movant's conviction became final in April 2003. Although *Blakely* was not decided until June 2004 and *Booker* until January 2005, movant would have known the facts to support her claimed sentencing errors when the Court sentenced her in April 2003.

Because ¶¶ 6(2) and (3) are inapplicable and ¶ 6(4) provides an earlier commencement date than ¶ 6(1), the period of limitations commenced in April 2003, when movant's conviction became final. However, she did not file the instant motion to vacate until August 2004 – approximately fifteen months later. Thus, under ¶ 6(1), the instant motion to vacate is untimely in the absence of equitable tolling.

While the Fifth Circuit Court of Appeals has held that "the statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances,'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000), movant has provided no basis for equitably tolling the statutory period of limitations. Consequently, the Court should deny the motion as untimely.[2]

### III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 as barred by the statute of limitations.

**SIGNED this 8th day of September, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2]  Because movant pled guilty to the federal charges against her, the possibility exists that she waived the right to pursue her claims pursuant to 28 U.S.C. § 2255. In light of the clear untimeliness of the instant action, however, there is no need to explore the potential waiver.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE